**VIRGINIA:**

**IN THE CIRCUIT COURT OF FAIRFAX COUNTY**

FILED CIVIL INTAKE 2020 DEC 17 PM 2:51 JOHN T. FREY CLERK, CIRCUIT COURT FAIRFAX, VA

AHMED ABUSHAMMALEH,

*Plaintiff,*

v.

ROSS DRESS FOR LESS, INC.
5130 Hacienda Dr
Dublin, CA, 94568

Serve: C. T. CORPORATION SYSTEM
(Registered Agent)
4701 Cox Rd Ste 285
Glen Allen, VA, 23060

and

BEIJING ANHUA QUALITY
INTERNATIONAL TRADE CO., LTD

*Defendants.*

Case No.: **2020 19941**

## COMPLAINT

COMES NOW the plaintiff, Ahmed Abushammaleh, by counsel, and for his Complaint against the defendants, Ross Dress For Less, Inc. and Beijing Anhua Quality International Trade Co., LTD, respectfully states as follows:

### I    PARTIES

1. Plaintiff, Ahmed Abushammaleh is, and at all times relating to this Complaint was, an adult resident of the Commonwealth of Virginia residing in Fairfax County.

EXHIBIT A

2. Defendant Ross Dress For Less, Inc. (hereinafter "Ross") is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Virginia.

3. Defendant Beijing Anhua Quality International Trade Co., Ltd., (hereinafter "BAQ") is a company organized under the laws of China and doing business in the Commonwealth of Virginia.

## I. JURISDICTION

4. Jurisdiction is vested in this Court pursuant to Virginia Code §8.01-328.1(1) and (5) based upon the fact of transacting business in the Commonwealth of Virginia and breach of warranty and defective product causing injury within Fairfax County in the Commonwealth of Virginia.

## II. STATEMENT OF FACTS

5. Defendant Ross operates stores in the United States, including the State of Virginia.

6. At all times relevant hereto, the defendant Ross was operating a Ross store located at 5840 Crossroads Center, Falls Church, VA 22041.

7. On information and belief, Defendant BAQ manufactures glass vases and ships the same to Defendant Ross for display and sale at its store in Falls Church, Virginia.

8. On May 28, 2019, the Plaintiff was shopping at Defendant Ross's store referenced in paragraph 6 above.

9. The plaintiff, intending to buy a vase, picked one up off a display shelf.

EXHIBIT A

10. On information and belief, said vase was manufactured by Defendant BAQ and shipped for sale at Defendant Ross's store in Falls Church, VA.

11. Unbeknown to the plaintiff, the vase was broken, and the broken glass immediately sliced into his hands causing serious and permanent injuries.

## COUNT I

### BREACH OF WARRANTY AGAINST ROSS

12. Plaintiff hereby reincorporates paragraphs 1 through 11 as if fully set forth herein.

13. Defendant Ross, as a seller of retail products, impliedly warrants that its products are merchantable and fit for their intended and reasonably foreseeable uses.

14. Defendant Ross, as a seller of retail products, has a duty to make inspections of its products that are reasonably necessary to see that the product is safe for its intended purpose if it knows, or by using ordinary care has reason to know, that its product is likely to be dangerous if defective.

15. Defendant Ross breached the implied warranty of merchantability owed to the plaintiff as the broken vase was not of merchantable quality and was not fit for its intended and reasonably foreseeable uses.

16. Defendant Ross breached its duty to inspect the vase as an inspection would have disclosed that the vase was broken, was not fit for display and/or sale.

17. As a direct and proximate result of the defendant's breach of the implied warranty of merchantability and duty to inspect as aforesaid, the plaintiff's left hand was severely sliced as he picked up the broken vase from the defendant's display.

EXHIBIT A

18. As a direct and proximate result of the defendant's breach of the implied warranty of merchantability and duty to inspect as aforesaid, the plaintiff suffered serious and permanent bodily injuries, physical pain, loss of function, mental anguish, scarring, and inconvenience, and may endure the same in the future.

19. As a direct and proximate result of the defendant's breach of the implied warranty of merchantability and duty to inspect as aforesaid, the plaintiff expended sums of money for medical care, therapy, rehabilitation, and medication, and may incur the same in the future.

20. As a direct and proximate result of the defendant's breach of the implied warranty of merchantability and duty to inspect as aforesaid, plaintiff was unable to work and lost income, and may sustain such losses in the future.

## COUNT II

## BREACH OF WARRANTY AGAINST BAQ

21. Plaintiff hereby reincorporates paragraphs 1 through 20 as if fully set forth herein.

22. Defendant BAQ, as a manufacturer and seller of retail products, impliedly warrants that its products are merchantable and fit for their intended and reasonably foreseeable uses.

23. Defendant BAQ, as a manufacturer and seller of retail products, has a duty to make inspections of its products that are reasonably necessary to see that the product is safe for its intended purpose if it knows, or by using ordinary care has reason to know, that its product is likely to be dangerous if defective.

EXHIBIT A

24. Defendant BAQ breached the implied warranty of merchantability owed to the plaintiff as the broken vase was not of merchantable quality and was not fit for its intended and reasonably foreseeable uses.

25. Defendant BAQ breached its duty to inspect the vase as an inspection would have disclosed that the vase was broken, was not fit for display and/or sale.

26. As a direct and proximate result of the defendant's breach of the implied warranty of merchantability and duty to inspect as aforesaid, the plaintiff's hands were sliced by the broken glass and the left hand was severely sliced as he picked up the broken vase from Defendant Ross's display.

27. As a direct and proximate result of the defendant's breach of the implied warranty of merchantability and duty to inspect as aforesaid, the plaintiff suffered serious and permanent bodily injuries, physical pain, loss of function, mental anguish, scarring, and inconvenience, and may endure the same in the future.

28. As a direct and proximate result of the defendant's breach of the implied warranty of merchantability and duty to inspect as aforesaid, the plaintiff expended sums of money for medical care, therapy, rehabilitation, and medication, and may incur the same in the future.

29. As a direct and proximate result of the defendant's breach of the implied warranty of merchantability and duty to inspect as aforesaid, plaintiff was unable to work and lost income, and may sustain such losses in the future.

## COUNT III

### NEGLIGENCE AGAINST ROSS

30. Plaintiff hereby reincorporates paragraphs 1 through 29 as if fully set forth herein.

**EXHIBIT A**

31. The defendant Ross, as a seller of the vase knew, or by using ordinary care had reason to know, that the vase was likely to be dangerous if defective and had a duty to make inspections of the vase that were reasonably necessary to see that the vase was safe for its intended purpose.

32. As a direct and proximate result of the defendant's duty to inspect as aforesaid in paragraph 31, as he picked up the broken vase from the Defendant's Ross's display the plaintiff suffered deep cuts on both hands and his left hand was sliced resulting in permanent injury.

33. As a direct and proximate result of the defendant's failure of its duty to inspect, the plaintiff suffered serious and permanent bodily injuries, physical pain, loss of function, mental anguish, scarring, and inconvenience, and may endure the same in the future. Plaintiff also suffered damages as set forth in paragraphs 18 through 20 above.

## COUNT IV

## NEGLIGENCE AGAINST BAQ

34. Plaintiff hereby reincorporates paragraphs 1 through 33 as if fully set forth herein.

35. Defendant BAQ, as a manufacturer and seller of the vase knew, or by using ordinary care had reason to know, that the vase was likely to be dangerous if defective and had a duty to make inspections of the vase that were reasonably necessary to see that the vase was safe for its intended purpose.

36. As a direct and proximate result of the defendant's duty to inspect as aforesaid in the preceding paragraph, the plaintiff's hands were cut, and left hand was sliced as he picked up the broken vase, resulting in permanent injury to his left hand.

37. As a direct and proximate result of the defendant's failure of its duty to inspect, the plaintiff suffered serious and permanent bodily injuries, physical pain, loss of function,

**EXHIBIT A**

mental anguish, scarring, and inconvenience, and may endure the same in the future. Plaintiff also suffered damages as set forth in paragraphs 18 through 20 above.

**WHEREFORE**, Plaintiff Ahmed Abushammaleh demands judgment in his favor and against Defendants, Ross Dress For Less, Inc., and Beijing Anhua Quality International Trade Co., Ltd., jointly and severally, in an amount to be determined by the trier of fact or else the sum of Two Million Dollars ($2,000,000.00) as compensatory damages, plus pre- and post-judgment interest and costs of this action, and granting Plaintiff such other and further relief as the court deems just and proper.

Ahmed Abushammaleh
By Counsel

Sam W. Burgan, Esq. (VSB No. 42458)
Burgan & Associates, P.C.
5673 Columbia Pike, Suite 201
Falls Church, VA 22041
Telephone: (703) 575-8810
Facsimile: (703) 575-8054
sburgan@burganlaw.com
*Counsel for Plaintiff*

7

**EXHIBIT A**